**Bill C. WAINWRIGHT et al.**

v.

**KRAFTCO CORPORATION** (formerly
National Dairy Products Corp.), et al.

**Civ. A. No. 12278.**

United States District Court,
N. D. Georgia,
Atlanta Division.

April 4, 1972.

See also D.C., 53 F.R.D. 78.

---

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Latimer, Haddon & Stanfield, Atlanta, Ga., for Members of Atlanta Bd. of Education.

Wright, Walther & Morgan, Rome, Ga., for Bd. of Education for City of Rome.

King & Spalding, Atlanta, Ga., for National Dairy.

Heyman & Sizemore, Atlanta, Ga., for Irvindale Dairies, Inc.

Chadwell, Kayser, Ruggles, McGee, Hastings & McKinney, Chicago, Ill., for Kraftco Corp.

Webb, Parker & Ferguson, Atlanta, Ga., for Atlanta Dairies Cooperative.

Fortson, Bentley & Griffin, Athens, Ga., for Better Maid Dairy Products, Inc.

Albert B. Wallace, Jonesboro, Ga., for R. L. Mathis Certified Dairy Co.

Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for Pet Incorporated.

Fisher & Phillips, Atlanta, Ga., for Farmbest, Inc.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for Foremost-McKesson, Inc.

## ORDER

EDENFIELD, District Judge.

Plaintiffs, members of the Atlanta Board of Education, brought this class action seeking treble damages of $5,250,000 on behalf of themselves and all other boards of education throughout Georgia against the defendant milk companies. They alleged that from 1964 to 1968 defendants and others conspired to eliminate competition in the sale of milk to boards of education throughout Georgia and secretly agreed to fix the price at which milk would be sold to the schools. Plaintiffs contend that in furtherance of this statewide conspiracy, defendants sold milk to Georgia schools at a fixed price substantially higher than the prices which might have prevailed in a free and competitive market and allocated the school customers among themselves. Plaintiffs claim that defendants' actions unlawfully restrained trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 (1970), and they predicate this court's jurisdiction upon Section 4 of the Clayton Act, 15 U.S.C. § 15 (1970). Defendants deny, among other things, the existence of the alleged statewide conspiracy and claim that for most of the period in question the price of milk sold to boards of education in Georgia was set by the Georgia Milk Commission.

In its order filed November 25, 1969, this court allowed the case to proceed as a class action pursuant to Rule 23(b)(3), Fed.R.Civ.P., although it limited the class to those boards of education which had dealt with one or more of the named defendants. Subsequently, a notice was sent to all boards of education in Georgia informing them of this suit and advising them, among other things, that if they did not "opt out" of the class, they would be treated as "parties" to the suit. This court approved the notice.

On June 9, 1970 defendants sent a set of 25 detailed written interrogatories to 146 boards of education in Georgia under the authority of Rule 33, Fed.R.Civ. P. They have recently drawn up a second set of written interrogatories to be sent to the boards of education as well as a set of 63 requests for production of documents under Rule 34, Fed.R.Civ.P. Many boards of education failed to respond to defendants' first set of written interrogatories while others, according to defendants, responded incompletely to some of the interrogatories. Defendants now move under Rule 37(d), Fed.R.Civ. P., that the court dismiss with prejudice from this lawsuit all boards of education which failed to respond to the first set of interrogatories, or that the court impose other appropriate sanctions. Defendants also move for an order compelling the responding boards to file further answers to several of the interrogatories. Defendants contend that all the class members in this action are "parties" and are duty-bound to comply with the discovery rules or suffer the consequences, as provided by Rule 37(d). They rely on the recent case of Brennan v. Midwestern Life Insurance Co., 450 F.2d 999 (7th Cir. 1971), which affirmed a ruling of a district court that had dismissed with prejudice from a class action all class members who failed to respond to written interrogatories propounded under Rule 33. Finally, defendants move to dismiss the class action on the grounds that questions of law or fact common to the class do not predominate over questions affecting in-

dividual members only and that a class action is not superior to other available methods of adjudicating this controversy because it is unmanageable.

Nothing in Rule 23 suggests that class members are deemed "parties". On the contrary, Rule 23(d) (2) specifically provides that the court may notify class members that they have the *option* of appearing in the case through their own counsel and the additional option of intervening, presenting claims or defenses, or otherwise formally entering the action. *See* Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I), 81 Harv.L.Rev. 356, 391–392 (1967). Indeed, if class members were automatically deemed parties, all class actions would be converted into massive joinders. Such a result would emasculate Rule 23.

■ Since discovery by written interrogatories pursuant to Rule 33 and by motions for orders compelling production of documents pursuant to Rule 34 may be had only against "parties", the court does not believe such discovery may be had from the class members in this action, other than the Atlanta and Rome boards, which are party-plaintiffs. The court notes that a number of school boards may have withdrawn from the class simply because they were intimidated by the interrogatories. The Emanuel County Board of Education wrote the court, in part: .

> "It would take a great deal of time to compile the information requested in the interrogatories and we do not feel that we could justify the time spent in pursuing the matter. Therefore, the Emanuel County Board of Education would like very much to be dismissed as a party plaintiff in this class action  .  .  ."

The usefulness of Rule 23 would end if class members could be subjected to Rule 33 and forced to spend time, and perhaps engage legal counsel, to answer detailed interrogatories.

The majority opinion in *Brennan* did not discuss these problems, and this court cannot follow that opinion. Indeed, the court perceives serious constitutional problems with a decision that would dismiss with prejudice from a lawsuit people who were never made parties. This court agrees with the decision in Fischer v. Wolfinbarger, 15 Fed.Rules Serv.2d 905 (W.D.Ky. Oct. 5, 1971), which held that class members could not be treated as "parties" and are not subject to discovery under Rule 33.

In view of this conclusion, the court will deny defendants' motion to dismiss nonresponding boards from this lawsuit and will deny defendants' motion to compel further answers to the first set of interrogatories insofar as that motion relates to all boards of education except Atlanta and Rome. The court will defer ruling on the latter motion as it relates to Atlanta and Rome for the present. The court will also order the parties to send a supplementary notice to all boards of education in Georgia in order to correct the error which this court allowed in the original notice.

■■ Turning to defendants' motion to dismiss the class action, the court reaffirms its previous view that a class action is appropriate in this case because proof *vel non* of a statewide conspiracy would at once settle the prospective claims of all boards of education in Georgia and would avoid a multiplicity of lawsuits. The court finds that the question of liability which is common to the class members predominates over individual questions such as the extent of damages. In fact, since plaintiffs have indicated in their "Administrative Proposal" filed in this court that they will be able to prove liability without reaching the question of damages, the court will restrict them to such proof at the first trial. If liability is established, other issues, including damages, can be

handled later, perhaps on a class member-by-class member basis.* *See, e. g.,* Green v. Wolf Corp., 406 F.2d 291, 301 (2d Cir. 1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968), cert. denied, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969).

The court's ruling on the discovery issue does not mean that defendants will necessarily be prejudiced in their pretrial preparation. For discovery · purposes, this case should be viewed as if it had been brought by the Atlanta Board of Education alone. In that situation plaintiffs could have maintained their allegation of a statewide conspiracy and presented evidence collected from boards of education throughout Georgia. Defendants would have had full discovery rights from the Atlanta Board and could have taken testimony by deposition from the various other boards. The addition of class members does not expand the substantive issues in this case or add to the contentions of the plaintiffs; it merely expands the number of people who will be bound by the judgment.

The Atlanta Board of Education has indicated that it intends to prove its

case of a statewide conspiracy through the use of evidence relating mostly to activities in the Atlanta and Gainesville areas. Defendants, of course, may take testimony from the Gainesville school board members, and may use other discovery techniques available as to nonparties. In addition, however, since the court will not permit defendants to discover from class members by interrogatories or requests to produce, and since defendants will have substantial need for discovery of information about Gainesville activities, the court will permit defendants under Rule 26(b) (3) to discover from the Atlanta Board all information that it has collected with respect to Gainesville and any other school boards, including a list of the names of persons to whom the Atlanta Board has spoken so that defendants may take their depositions.

For the foregoing reasons, defendants' motion to dismiss nonresponding class members from this lawsuit or for other sanctions is denied. Defendants' motion to compel further answers to interrogatories is denied as to all school boards except Atlanta and Rome, and as to those two boards the court stays its ruling. The Atlanta and Rome Boards of Education, who are party plaintiffs, are

---

* Defendants have renewed their request that the court require all class members to file a "proof of claim" before the trial begins. The court did not grant this request earlier in this case, although it is aware that some courts have required class members to affirmatively indicate their intentions to prove damages even before liability is established by the representative party. *E. g.,* Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.R.D. 452, 459–460 (E.D.Pa.1968). *Compare* In re Antibiotic Antitrust Actions, 333 F.Supp. 267, 271–272 (S.D. N.Y.1971), *with* In re Antibiotic Antitrust Actions, 333 F.Supp. 278, 281–282 (S.D.N.Y.1971).

The court's reluctance to require such an affirmative indication by class members at the outset of the class action stems from the literal terms of Rule 23, especially Rule 23(c) (2) (B) which provides that the judgment "will include

all members who do not request exclusion." It is clear that the draftsmen of the Rule intended this to mean that class members must "opt out", not "opt in". *See* Kaplan, Continuing Work of the Civil Committee, *supra,* 397–398. Indeed, at least one court which did require the filing of such a "proof of claim" recognized that unless and until liability to the class is established class members may not be barred for failure to file the "proof of claim" in view of the objectives of Rule 23. Korn v. Franchard Corp., 50 F.R.D. 57, 59–60 (S.D.N.Y.1970). Such a lack of sanction is a further reason, in this court's opinion, for refusing to require class members to somehow "opt in" before liability is established.

The court does not, however, rule out the use of such a "proof of claim" device as a reasonable condition to the participation by class members in any recovery.

hereby ordered to submit to full discovery, including discovery of "work product" under Rule 26(b) (3), Fed.R.Civ.P., and to provide defendants with the names and addresses of all school board members outside Atlanta and Rome with whom plaintiffs have conferred. Party plaintiffs and party defendants shall equally share the burden and expense of mailing copies of the supplementary notice attached to this order to all boards of education in Georgia and shall provide postage-paid return envelopes, addressed to the Clerk of the Court, which shall accompany each supplementary notice. Defendants' motion to dismiss the class action is denied.

It is so ordered.