**DONSON STORES, INC., et al.,
Plaintiffs,**

v.

**AMERICAN BAKERIES COM-
PANY et al., Defendants.**

**No. 72 Civ. 3991.**

United States District Court,
S. D. New York.

March 21, 1973.

See also D.C., 58 F.R.D. 481.

Milberg & Weiss, New York City, and Harold E. Kohn, P. A., Philadelphia, Pa., for plaintiff Donson Stores, Inc.

Silverman & Harnes, New York City, for plaintiffs Martin Perlov, Sheldon Geller and Larry Margolin.

Simpson, Thacher & Bartlett, New York City, for defendant Ward Foods, Inc.

Lovejoy, Wasson, Lundgren & Ashton, New York City, for defendant General Host Corp.

Wormser, Kiely, Alessandroni, Mahoney & McCann, New York City, for defendant ITT Continental Baking Co.

Royall, Koegel & Wells, New York City, for defendant American Bakeries Co.

## OPINION

BAUMAN, District Judge.

This action was instituted pursuant to Section 4 of the Clayton Act, 15 U.S.C. § 15,[1] to recover treble damages against

---

1. Section 4 of the Clayton Act, 15 U.S.C. § 15, provides as follows:

"Any person who shall be injured in his business or property by reason of

the defendants for the injuries sustained by plaintiffs and the members of the retail grocer class they represent by reason of an alleged conspiracy to fix the price of bread in the New York City Metropolitan area during the period July, 1966 to June, 1969. The defendants have filed answers denying any violation of law, and asserting counterclaims against the plaintiffs and unspecified members of the class for alleged violations of Section 2(f) of the Robinson-Patman Act, 15 U.S.C. § 13(f).[2] In addition, defendant ITT Continental Baking Company, Inc. has counterclaimed against unspecified members of the class for alleged violations of Section 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a).[3]

Presently before the Court is a motion by the plaintiffs pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss defendants' counterclaims for failure to state a claim upon which relief can be granted. In support of their motion, plaintiffs argue that (1) the counterclaims do not allege sufficient facts to make out a cause of action and (2) that, in any event, absent class members are not "parties" to an action and consequently cannot be counterclaimed against.

## I.

■■■■ Preliminarily, it should be noted that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. See e.g., Conley v. Gibson, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Radovich v. National Football League, 352 U.S. 445, 453, 77 S.Ct. 390, 1 L.Ed.2d 456 (1957); Nagler v. Admiral Corp., 248 F.2d 319 (2d Cir. 1957). Notice pleading, liberally construed, is all that is required to sustain the sufficiency of a claim. See Nagler v. Admiral Corp., supra, at 324–326. Thus, the general rule is that a claim will not be dismissed for legal insufficiency unless it appears to a certainty that the complainant is entitled to no relief under any state of facts which could be proved in support of the claim. Ballou v. General Electric Co., 393 F.2d 398 (1st Cir. 1968); 2A Moore, Federal Practice, ¶ 12.08 at 2274 (2d ed. 1968).

Applying this standard to the § 13(f) counterclaims asserted by defendants, it is clear that they meet the liberal standards of notice pleading. The counterclaims allege in substance, that—

" . . . during the time period covered by the complaint and thereaf-

anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

2. Section 2(f) of the Clayton Act, as amended, 15 U.S.C. § 13(f), provides as follows:

"It shall be unlawful for any person engaged in commerce. in the course of such commerce, knowingly to induce or receive a discrimination in price which is prohibited by this section."

3. Section 2(a) of the Clayton Act, as amended, 15 U.S.C. § 13(a), provides as follows:

"It shall be unlawful for any person engaged in commerce, in the course of

such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them: . . . "

ter, plaintiffs and some members of the asserted class engaged in commerce have . . . knowingly induced and received lower prices on bakery products than other prices charged by the seller to other purchasers for baking products of like grade and quality in violation of 15 U.S.C. § 13(f).

As a direct result of the violation of 15 U.S.C. § 13(f) alleged in the preceding paragraph, Host has been injured in its business and property." (Host's Answer ¶ 16)[4]

■ Plaintiffs' motion to dismiss these counterclaims is based entirely upon technical pleading defects. They argue that the counterclaims, in addition to alleging that the plaintiffs and some class members knowingly induced and received lower prices in violation of Section 13(f), should also have alleged that the effect of the lower prices was to substantially lessen competition. Though the plaintiffs' position is unquestionably correct, see Auto Supplies, Inc. v. Ero Manufacturing Co., 360 F.2d 896 (7th Cir. 1966), this flaw in pleading can hardly be said to require dismissal. Indeed, it is difficult to see how expanded pleadings would substantially add to the notice provided by the present counterclaims. Accordingly, plaintiffs' motion to dismiss the Section 13(f) counterclaims for failure to state a cause of action is denied.

## II.

Plaintiffs' motion to dismiss defendant ITT Continental's additional coun-

terclaim is closely related to its claim that absent class members are not parties to this action and consequently cannot be subjected to counterclaims. The thrust of plaintiffs' argument is that a counterclaim may only be directed at a named plaintiff. Since ITT Continental's § 13(a) counterclaim is not so directed, they argue that it must be dismissed. For the reasons articulated in point III infra, I am persuaded that they are right. Accordingly, the motion to dismiss the § 13(a) counterclaim is granted, with leave to ITT Continental to file an amended counterclaim in proper form at any time within thirty days of the date of this order.

## III.

■ Plaintiffs' principal contention is that class members on whose behalf a class action is maintained, and who have not directly intervened in the action, are not parties within the meaning of Rule 13 of the Federal Rules of Civil Procedure[5] and consequently cannot be subjected to counterclaims. In support of this proposition, they cite Fischer v. Wolfinbarger, 55 F.R.D. 129 (W.D.Ky. 1971) and Wainwright v. Kraftco Corp., 54 F.R.D. 532 (N.D.Ga.1972). Both hold that class members may not be the subject of interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure because they are not parties. Thus, in *Wainwright* the Court said:

"Nothing in Rule 23 suggests that class members are deemed 'parties'. On the contrary, Rule 23(d)(2) spe-

---

4. The three other § 13(f) counterclaims contain almost identical allegations.

5. Rule 13(a) and (b) of the Federal Rules of Civil Procedure provide as follows:
   "(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudi-

cation the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."

cifically provides that the court may notify class members that they have the option of appearing in the case through their own counsel and the additional option of intervening, presenting claims or defenses, or otherwise formally entering the action. . . . [i]f class members were automatically deemed parties, all class actions would be converted into massive joinders. Such a result would emasculate Rule 23." 54 F.R.D. at 534.

Defendants, on the other hand, vigorously urge that counterclaims may be asserted against unspecified class members. They contend that Rule 23 authorizes such counterclaims by providing that "one or more members of a class may sue or be sued as representative parties on behalf of all . . ." and further argue that in view of this provision "[i]t borders on the frivolous to contend that a less inclusive counterclaim is somehow improper." I find this argument unpersuasive. The counterclaims in question here contain none of the allegations required in order to sustain a class action. For example, they omit the essential allegations, required under Rule 23(a)(2) that "there are questions of law or fact common to the class," or of 23(a)(3) that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Under these circumstances, I must reject defendants' attempt to bring their counterclaims within the ambit of Rule 23. The counterclaims are based on individual competitive situations and therefore can only be asserted against parties to this litigation.

Recently, our Court of Appeals had occasion to refer to the status of absent class members. In discussing the failure of certain class members to file appearances, the Court said:

". . . the degree of their enthusiasm is irrelevant to the criterion of Rule 23(a)(1) since the Rule puts its emphasis on an objective and precise manifestation of lack of interest. The drafters assumed, as we understand it, that many class-members might not be personally enthusiastic about enforcing their rights, but would at the same time acquiesce in the more galvanic parties becoming the active protagonists." Korn v. Franchard, 456 F.2d 1206, 1210 (2d Cir. 1972).

I interpret this language to suggest that Rule 23 contemplates an adversary contest involving only the representative members of the class, with all other members of the class being permitted passively to await the outcome of the principal suit. Therefore, in the absence of any reported decision holding that absent class members are parties for the purposes of Rule 13,[6] I hold that they are not. In reaching this decision I note that in these cases the right to counterclaim is readily subject to abuse as a tactical device to encourage plaintiffs to opt out. I have also given careful consideration to the possible prejudice flowing from this decision and conclude that none will result. It is the intention of the Court to try the issue of defendants' liability to the named plaintiffs first. If liability is established, other issues, including damages and counterclaims, can be handled on a class

---

6. Defendants cite Cotchett v. Avis Rent A Car System, Inc., 56 F.R.D. 549 (S.D.N.Y.1972) and Lah v. Shell Oil Co., 50 F.R.D. 198 (S.D.Ohio 1970), to support their contention that unspecified members of a class can be subjected to counterclaims. Neither case, however, can fairly be read in this manner. In both, the issue before the Court was whether an action could be properly maintained as a class action. Though both Courts suggested that the existence of counterclaims against members of the class could be considered in determining whether issues common to the class predominate, neither Court held that absent class members are "parties" within the meaning of Rule 13.

**490**

member-by-class member basis. See e.g. Green v. Wolf Corp., 406 F.2d 291, 301 (2d Cir. 1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968), cert. denied, 394 U.S. 928, 89 S. Ct. 1194, 22 L.Ed.2d 459 (1969).

One final word on the subject of counterclaims is required. Nothing in this opinion should be construed as suggesting that reference to the counterclaims in the class action notice should be eliminated. The notice should contain appropriate mention of the entire scope of the case. Cf. Abulaban v. R. W. Pressprich & Co., 51 F.R.D. 496, 497 (D.C. 1971).

The parties are directed to settle an order within seven days specifying the form of notice to be mailed to the class and indicating that the trial of this action will commence on July 2, 1973.

So ordered.