Patricia P. PERRY, individually and on behalf of all other persons similarly situated, Plaintiff,

v.

BENEFICIAL FINANCE CO. OF NEW YORK, INC., Defendant.

No. Civ.–77–125.

United States District Court, W. D. New York.

Oct. 20, 1980.

222

Rene H. Reixach, Rochester, N. Y., for plaintiff.

Luther C. Nadler, Rochester, N. Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

This is a class action brought pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 CFR § 226.1 *et seq.* Pursuant to my Order dated February 29, 1980 plaintiff has caused notice of this action to be sent to members of the class she seeks to represent and now has moved for an order determining the validity of certain requests for exclusion from the class received as a result of such notice.

According to plaintiff's affidavit in support of her motion, five hundred and twenty-three (523) notices were returned by the United States Postal Service; these notices were apparently never received by the respective class member addressees. Pursuant to said Order, these individuals should be excluded from the plaintiff class in this case.

Plaintiff's affidavit also states that a total of three hundred and one (301) requests for exclusion were received. Except as noted below, these requests were apparently received in appropriate form before passage of the May 14, 1980 deadline set by my Order.

### I. Deceased Members of The Class

Responses to plaintiff's notice indicate that six members of the class are deceased. The United States Court of Appeals for the Seventh Circuit has recently held that a cause of action under this act is primarily remedial in nature and therefore survives the death of the claimant. *Smith v. No. 2 Galesburg Crown Finance Corp.*, 615 F.2d 407, 413–15 (7th Cir. 1980). The validity of this holding and its applicability to the six deceased members of the class in this case are not in dispute and, therefore, I must consider the validity of the requests for exclusion received with respect to these individuals.

■ (1) A request to exclude Paul Rodzinka from the class was received from Judith Rodzinka, who claimed to be the administratrix of his estate. Inasmuch as the request made clear that Judith Rodzinka

was acting on behalf of his estate, this request should be deemed valid.

■ (2) Requests to exclude William Lynett and Anthony Kalsky were received from their respective wives. Each request indicated that the respective class member had died. However, neither request clarified the legal capacity in which the request was made and I therefore treat such requests as invalid.

■ (3) An unsigned note stating that Richard Surge had died was received. The note also stated that "we are not interested or concerned," but did not expressly request exclusion. The note does not operate as an effective request for exclusion.

■ (4) A note advising that Arthur McKeown had died was received from his wife. The note did not expressly request exclusion from this action, however, and therefore does not exclude McKeown from the class of individuals represented by plaintiff.

■ (5) A death certificate for George Beamon was received with an uncompleted request for exclusion form. The death certificate does not exclude Beamon from the plaintiff class.

I therefore conclude that five of these six responses to plaintiff's notice must be considered ineffective requests for exclusion.

Plaintiff has suggested that the legal representative of the five remaining deceased class members must move, pursuant to Fed. R.Civ.P. rule 25(a), to substitute themselves as parties in this action; plaintiff believes that unless such a motion is made within ninety days after suggestion of the member's death on the record, the particular member should be "excluded" from the plaintiff class. Plaintiff asserts that such ninety–day period should be measured from May 14th and that such period expired August 12, 1980. Inasmuch as no motions to substitute have been made, plaintiff would have the court dismiss the claims of these five class members. Plaintiff's suggestion forces me to consider whether members of the class represented by the named plaintiff

who do not appear in the action should be considered parties to the action for the purposes of rule 25. For the reasons set out below, I conclude that they should not be deemed parties for such purposes.

■ Generally, a class action proceeding "contemplates an adversary contest involving only the representative members of the class" and permits all other class members to passively await the outcome of the action. *Donson Stores, Inc. v. American Bakeries Co.*, 58 F.R.D. 485, 489 (S.D.N.Y.1973). Thus, absent class members are generally not considered parties for the purpose of sharing court costs, *Lamb v. United Security Life Co.*, 59 F.R.D. 44, 48–49 (S.D.Iowa 1973), for the purpose of challenging the adequacy of a judgment based on a settlement of the action, *In re Four Seasons Securities Laws Litigation*, 525 F.2d 500, 504 (10th Cir. 1975), or for the purpose of asserting counterclaims under Fed.R.Civ.P. rule 13, *Donson Stores, Inc. v. American Bakeries Co., supra*, 58 F.R.D. at 489. However, absent class members are considered parties to the action for the purpose of tolling the applicable statute of limitations where class action status is later denied. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Absent class members may be considered parties to the action for discovery purposes, but only if a strong showing has been made that discovery from absentees is necessary. *Enterprise Wall Paper Mfg. Co. v. Bodman*, 85 F.R.D. 325, 327 (S.D.N.Y. 1980).

■ These cases show that the courts generally take a practical approach in determining the status of absent class members. I perceive no useful purpose that would be served by requiring the legal representatives of deceased class members to move at this time to substitute themselves as parties to the present action. Such a requirement would in fact be counterproductive, because it would entail increased paper work for the court and would cause additional expense for the deceased class member's estate before there has been an adjudication of the underlying cause of ac-

tion. In the event that the defendant is ultimately found to have violated the Truth in Lending Act and Regulation Z, class members will be required to submit proof that their particular loans were consumer loans, and the legal representatives of deceased class members may move to substitute themselves as parties in this action at that time. Accordingly, I conclude that the claims on behalf of deceased class members should not be dismissed for failure to move at this time to substitute parties pursuant to Fed.R.Civ.P. rule 25.

## II. *Responses from Co-Signers*

Anita Fox sent a letter advising that her husband Joseph Fox was deceased; she further indicated that she was a co-signer of the note and that she wished to participate in this action. Plaintiff and defendant both agree that a co-signer of a note has a cause of action under the act. *See, Allen v. Beneficial Finance Co. of Gary, Inc.*, 531 F.2d 797, 805–6 (7th Cir. 1976). Therefore, Anita Fox will be deemed a member of the plaintiff class in this action.

The situation presented by class members Vincent and Rose Taormina is more complex. The Taorminas co-signed a note and have requested to be included in the plaintiff class. They were not included on defendant's original list of class members and apparently contacted the court in response to published notices. Defendant argues that it would be improper to include both in the plaintiff class because only a single statutory recovery can be awarded for a given loan. The circuit courts have split on the issue whether a husband and wife, as co-signers of a note, are entitled to only a single statutory recovery for a violation of the act. *See, Milhollin v. Ford Motor Credit Co.*, 588 F.2d 753, 758 (9th Cir. 1978). The issue does not appear to have been addressed by the United States Court of Appeals for the Second Circuit. However, I do not find it necessary to decide this question at this time. The Taorminas may both be treated as members of the class, at least for the present. I will decide the recovery to which co-signers are entitled when, and if, judgment is rendered against defendant.

## III. *Requests for Exclusion Received After May 14*

■ Several requests for exclusion were received after May 14, 1980, the deadline set by my February 29th Order. These requests fall into three basic groups:

(1) Requests postmarked prior to May 14 but received after May 14 (Ralph Feliciello, Veronica Gordon, Katherine Johnson, Joseph Nehr, Eugenio Ramos, Rodrigo Fernandes, Alreathea Simmons and Virginia Lippa);

(2) Requests postmarked May 14 and received after May 14 (Gloria Artist, Calvin Zimmer and William Santana);

(3) Requests postmarked and received after May 14 (Rhoda Hutchinson, Robert Zybczynski and Jannie Sullivan). Plaintiff suggests, and defendant agrees, that requests belonging to the first and second category should be considered valid and that requests belonging to the third category should be considered ineffective. I concur in the parties' analysis. *See, Chrapliwy v. Uniroyal, Inc.*, 71 F.R.D. 461 (N.D.Ind.1976).

■ A request for exclusion was received from James Cyrus on May 16. The request was dated May 13 but the postmark was illegible. I agree with the parties that Cyrus's request should be considered valid.

## IV. *Unclear Identity*

A request for exclusion was received from Edwin Silvatoro of Amsterdam, N.Y. No individual by that name was included in the original list of class members supplied by defendant. The list does, however, contain an Edwin Silva of Amsterdam. The defendant should search its record to determine whether Edwin Silvatoro and Edwin Silva are the same individual.

Therefore, based on the foregoing discussion, it is hereby ORDERED:

(1) That Lynett, Kalsky, Surge, McKeown, Beamon, Fox, the Taorminas, Hutchinson, Zybczynski and Sullivan are deemed members of the plaintiff class in this action;

(2) That any and all other requests for exclusion postmarked after May 14, 1980 shall be deemed ineffective;

(3) That the defendant shall conduct a search of its records to determine whether Edwin Silvatoro and Edwin Silva are the same individual, whether there were any other signatories to the note with said individual, and shall file an affidavit as to the results of its search with this court on or before October 30, 1980;

(4) That the 523 persons to whom notice of this action was sent, which notice was returned undelivered, are excluded from the plaintiff class;

(5) That Rodzinka, Feliciello, Gordon, Johnson, Nehr, Ramos, Fernandes, Simmons, Lippa, Artist, Zimmer, Santana and Cyrus have submitted valid requests for exclusion and are therefore hereby excluded from the plaintiff class; and

(6) That the remaining requests for exclusion are also valid and the class members submitting those requests are excluded from the plaintiff class.