Eleanor L. Ross, United States District Judge
This case is before the Court on Magistrate Judge Alan J. Baverman's Non-Final Report and Recommendation ("R & R"). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) ; Fed. R. Civ. P. 72(b)(3). No objections to the Magistrate Judge's R & R have been filed, and therefore, the Court has reviewed the R & R for clear error. See *1362 Thomas v. Arn , 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ; Macort v. Prem, Inc. , 208 Fed.Appx. 781, 784 (11th Cir. 2006) ; Tauber v. Barnhart , 438 F.Supp.2d 1366, 1373 (N.D. Ga. 2006). The Court finds no error in the R & R.
Accordingly, the Court ADOPTSthe R & R [Doc. 41] as the opinion of this Court. For the reasons stated in the R & R, the Court DENIESDefendant's Partial Motion to Dismiss as to Non-Resident Class Members [Doc. 16].
SO ORDERED,this 14th day of February, 2018.
UNITED STATES MAGISTRATE JUDGE'S NON-FINAL REPORT AND RECOMMENDATION
ALAN J. BAVERMAN, UNITED STATES MAGISTRATE JUDGE
This matter is presently before the Court on a partial motion to dismiss the complaint as to non-resident class members, [Doc. 16], filed by Defendant Launch Technical Workforce Solutions, LLC ("Launch"), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below, the undersigned RECOMMENDS that the motion, [Doc. 16], be DENIED .
I. Background
In the complaint, Plaintiff, on behalf of himself and all others similarly situated, asserts a claim against Launch for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. [Doc. 1 at ¶¶ 1, 106-10 (Fourth Claim for Relief) ]. He alleges that Launch made him a conditional offer of employment, pending the successful completion of a background check; ordered a consumer report in conjunction with the background check; received a consumer report falsely stating that Plaintiff had a criminal record; and, without providing Plaintiff a copy of the report or a written description of his FCRA rights, withdrew the offer of employment. [Id. ¶¶ 6, 9, 25-69, 106-10]. He contends that "Launch typically does not provide job applicants or employees with a copy of their consumer report or a copy of their rights under the FCRA before taking adverse employment action against them based on information in such reports," [id. ¶ 65], and he therefore seeks to assert a claim under 15 U.S.C. § 1681b(b)(3)[1] on his own behalf and on behalf of
All employees or prospective employees of Launch in the United States (including all territories and political subdivisions of the United States) who were the subject of a consumer report procured by Launch (or that Launch caused to be procured), which contained any negative (derogatory) information about them, and for whom Launch failed to provide that employee or prospective employee with a copy of their consumer report and/or FCRA summary of rights before Launch took adverse employment action against them, within the period prescribed by the FCRA, 15 U.S.C. § 1681p, prior to filing this action.
[Id. ¶ 70].
On August 7, 2017, Launch filed a partial motion to dismiss the complaint as to the members of the plaintiff class that are not Georgia residents, arguing that the *1363 Court cannot exercise personal jurisdiction over non-resident claims.[2] [Doc. 16]. On September 5, 2017, Plaintiff filed a response brief in opposition to the partial motion to dismiss, [Doc. 29], and on September 27, 2017, Launch filed a reply brief in support of its motion, [Doc. 34]. On October 30, 2017, and December 21, 2017, Plaintiff filed notices of supplemental authority in support of his opposition to Launch's partial motion to dismiss, [Docs. 38, 40].[3] With briefing complete, the undersigned now considers the motion.
II. Discussion
Launch moves to dismiss the claims of the non-Georgia class members, arguing that Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty. , --- U.S. ----, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017), bars their claims. [Doc. 16 at 1-2]. Plaintiff argues that Bristol-Myers does not apply to bar the claims because Bristol-Myers concerned a mass action asserting state claims in state court and is therefore inapposite to the federal class-action claims asserted here in federal court. [Doc. 29 at 2-3]. In reply, Launch concedes that Bristol-Myers is not on all fours with this case and does not dictate the outcome of its motion, but it contends that under the logic of Bristol-Myers , principles of due process preclude the assertion of a nationwide class action in any state other than a state where Launch is subject to general personal jurisdiction. [Doc. 34 at 1, 2, 11].
Bristol-Myers concerned a Fourteenth Amendment due-process challenge to claims asserted by non-Californian plaintiffs in a mass civil action filed against Bristol-Myers Squibb Company in a California state court for injuries allegedly caused by a drug called Plavix. Bristol-Myers Squibb Co. , 137 S.Ct. at 1777-79, 1787, 1789. Bristol-Myers Squibb, a citizen of Delaware and New York, challenged the California Supreme Court's application of a "sliding scale approach to specific jurisdiction"[4] under which it held that although general jurisdiction was lacking in California; Bristol-Myers Squibb did not develop Plavix in California, create a marketing strategy for Plavix in California, manufacture, label, or package Plavix in California, or work on the regulatory approval of Plavix in California; and the non-resident plaintiffs did not allege that they obtained Plavix through California physicians or *1364 other California sources, were injured by Plavix in California, or were treated for their injuries in California, the California state court could nevertheless exercise personal jurisdiction over Bristol-Myers Squibb as to the claims of the non-resident plaintiffs as well as the resident plaintiffs because the company's " 'extensive contacts with California' permitted the exercise of specific jurisdiction 'based on a less direct connection between [Bristol-Myers Squibb's] forum activities and plaintiffs' claims than might otherwise be required.' " Id. at 1778-79 (quoting Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty. , 1 Cal.5th 783, 803-06, 206 Cal.Rptr.3d 636, 377 P.3d 874, 887-89 (2016) ). The United States Supreme Court found that the California approach amounted to a "loose and spurious form of general jurisdiction" and held that because the California approach had allowed for claims to proceed against Bristol-Myers despite the lack of a connection between the forum and the specific claims at issue, the approach did not comport with "settled principles of personal jurisdiction" and exceeded the due process limits of the Fourteenth Amendment to the United States Constitution. Bristol-Myers Squibb Co. , 137 S.Ct. at 1781-83. The Supreme Court stated, however, that "since [its] decision concern[ed] the due process limits on the exercise of specific jurisdiction by a State, [it] le[ft] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." Id. at 1783-84 (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co. , 484 U.S. 97, 102 n.5, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ).
Here, the parties do not dispute that the Court may not exercise general personal jurisdiction over Launch but that the Court may exercise specific personal jurisdiction over Launch in adjudicating the claims of the named plaintiff. Launch, a Delaware limited-liability company, [Doc. 1 ¶ 21], with a single office located at its headquarters in Illinois, [Doc. 16-1 (Declaration of Jean Rollo, Launch's Chief Operating Officer ("Rollo Decl.") ) ¶ 7], contends that it lacks contacts with Georgia sufficient to establish general jurisdiction, [Doc. 16 at 2-3, 5-7], and that the Court would not have specific jurisdiction over individual claims asserted by the unnamed class plaintiffs because there is no connection between their individual claims and Launch's few activities within the state of Georgia, [Doc. 16-1 at 2, 7-10]. Plaintiff does not rebut the arguments, thus inherently conceding the issues. See Kramer v. Gwinnett Cnty. , 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004) (Evans, J.) (explaining that where a party fails to respond to any portion of a motion, that portion, claim, or defense is waived).[5] Launch does admit, *1365 however, that Plaintiff "appears to properly assert specific jurisdiction," as his claims "arguably arose within this jurisdiction." [Doc. 34 at 9]. Thus, the question presented to the Court is whether, in light of the due-process concerns driving dismissal of the claims of the non-resident plaintiffs in Bristol-Myers , personal jurisdiction may be had over Launch with regard to the claims of the non-resident class members on the strength of the Court's specific jurisdiction over the claims of the named plaintiff.
After careful review, the Court concludes that due-process concerns do not foreclose its exercise of personal jurisdiction over Launch as to the claims of the resident named plaintiff both on his own behalf and on behalf of the unnamed non-resident plaintiffs. Launch's argument that Bristol-Myers is analogous to this case is not without logical appeal: California's "sliding-scale" approach to specific jurisdiction does bear some resemblance to a court's exercise of jurisdiction over the defendant as to the claims of unnamed non-resident members of the plaintiff class by allowing the unnamed non-resident plaintiff class members to ride the coattails of the named plaintiff's assertion of specific jurisdiction over the defendant as to the named plaintiff's claims. Acceptance of the analogy would require, however, that the Court, like Launch, disregard material differences between mass actions and class actions.[6]
In a mass tort action such as Bristol-Myers , each plaintiff is a real party in interest, meaning that each plaintiff is personally named and required to effect service. See Bristol-Myers Squibb , 137 S.Ct. at 1778 (reviewing the claims of the non-resident plaintiffs on a motion to quash service of summons). In contrast, claims asserted in a class action, such as those in the action presently before the Court, are prosecuted through representatives on behalf of absent class members. See Gen. Tel. Co. of the Sw. v. Falcon , 457 U.S. 147, 155, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ("The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.' " (quoting Califano v. Yamasaki , 442 U.S. 682, 700-01, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) ) ); Hansberry v. Lee , 311 U.S. 32, 40-41, 61 S.Ct. 115, 85 L.Ed. 22 (1940) (further explaining that class action was an invention of equity to allow a court to proceed to decree in suits where the number of those interested in the litigation was too great to permit joinder). As Launch correctly notes in its reply brief, [Doc. 34 at 2], individual members of a plaintiff class, aside from named representatives, need not satisfy the "minimum contacts" test in order for a the forum court to exercise personal jurisdiction over them, see Phillips Petroleum Co. v. Shutts , 472 U.S. 797, 811, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). This depends in large part upon due-process protections provided by class-action procedural requirements:
The plaintiff must receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel. The notice must be the best practicable, "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane [v. Central Hanover Bank & Tr. ], 339 U.S. [306, 314-15, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ]; cf.
*1366 Eisen v. Carlisle & Jacquelin , 417 U.S. 156, 174-75, 94 S.Ct. 2140, 40 L.Ed.2d 732 ... (1974). The notice should describe the action and the plaintiffs' rights in it. Additionally, ... due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an "opt out" or "request for exclusion" form to the court. Finally, the Due Process Clause of course requires that the named plaintiff at all times adequately represent the interests of the absent class members. Hansberry , 311 U.S., at 42-43, 45, 61 S.Ct. 115.
Shutts , 472 U.S. at 812, 105 S.Ct. 2965. Launch fails to recognize, however, that Rule 23 of the Federal Rules of Civil Procedure also sets forth certification procedures that protect the defendant's due-process rights: in particular, the requirements that there be "questions of law or fact common to the class" and that "the claims ... of the representative parties are typical of the claims ... of the class." Fed. R. Civ. P. 23(a)(2), (3).[7] Additionally, to assert a class action under Rule 23(b)(2) or 23(b)(3), as Plaintiff seeks to do here, the Federal Rules require that the plaintiff also show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," Fed. R. Civ. P. 23(b)(2), or prove to the presiding court that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," considering matters such as "the desirability or undesirability of concentrating the litigation of the claims in the particular forum" and "the likely difficulties in managing a class action," Fed. R. Civ. P. 23(b)(3). Thus, in contrast to a mass action like Bristol-Myers , which may-and likely would-present significant variations in the plaintiffs' claims, the requirements of Rule 23 class certification ensure that the defendant is presented with a unitary, coherent claim to which it need respond only with a unitary, coherent defense. Because of the unitary nature of that class claim, the Court perceives no unfairness in haling the defendant into court to answer to it in a forum that has specific jurisdiction over the defendant based on the representative's claim. Also, if due process was not offended in Shutts , a class-action in State court with absent non-resident plaintiff class members, 472 U.S. at 808, 105 S.Ct. 2965, it is not offended by a potential class-action in federal court where the plaintiff class is made up in part with non-resident members.
Launch's position also rests on federalism concerns that are not at issue here in federal court. As a sister district court recently explained, Bristol-Myers protects the well-rooted principle that " 'the States, through their courts, [may] not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system.' "
*1367 In re: Chinese-Manufactured Drywall Prods. Liability Litig. , Civ. Action MDL No. 09-2047, 2017 WL 5971622, at *20 (E.D. La. Nov. 30, 2017) (quoting World-Wide Volkswagen v. Woodson , 444 U.S. 286, 290, 100 S.Ct. 580, 62 L.Ed.2d 490 (1980) ). Our sister district also went on to explain the importance of distinguishing the structure of the Bristol-Myers multi-plaintiff litigation from the Congressionally authorized class-action structure in the suit before it:
In this case, federalism concerns do not apply. [Bristol-Myers ] is about limiting a state court's jurisdiction when it tried to reach out-of-state defendants on behalf of out-of-state plaintiffs in a mass action suit. That scenario is inapplicable to nationwide class actions in federal court .... Specifically, while [Bristol-Myers ] involves non-resident plaintiffs forum-shopping in California to reach a non-resident defendant with insufficient contacts, the ... litigation [before the court] involves Defendants that have made enough contacts to the forum states to hold them liable there in nationwide class actions. ... Congress ... enabled class actions because Congress recognizes the need for efficiency-for plaintiffs and defendants as well as the judicial system-in managing such mass filings. Class action promotes "efficiency and economy of litigation." Crown, Cork & Seal Co. v. Parker , 462 U.S. 345, 349, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Therefore, a nationwide class action in federal court is not about a state's overreaching, but rather relates to the judicial system's handling of mass claims involving numerous ... parties.
Chinese-Manufactured Drywall Prods. Liability Litig. , 2017 WL 5971622 at *20.
Recognizing in its reply brief that Bristol-Myers is, at best, analogous to this matter, [Doc. 34 at 1], Launch suggests that by referencing Omni Capital in Bristol-Myers , the Supreme Court was "tipping its hand, at least tacitly implying that Bristol-Myers ' principles and logic apply in a Fifth Amendment case such as this one," [see id. at 3]. The Court rejects this argument. First, by stating that because the Court's decision "concern[ed] the due process limits on the exercise of specific jurisdiction by a State, [it] le[ft] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court," Bristol-Myers , 137 S.Ct. at 1784, the Supreme Court was doing just that: not expressing an opinion on a question that was not before it.[8] Second, Omni Capital , like Bristol-Myers , did not concern class-action claims. See Omni Capital , 484 U.S. at 99, 108 S.Ct. 404 (describing each of the parties to the suit). Thus, the argument amounts to an invitation to apply inapposite dicta to preclude Congressionally authorized class claims.
Moreover, Launch does not acknowledge authority holding that unnamed non-resident members of a plaintiff class will not detract from a named plaintiff's ability to establish specific personal jurisdiction over the defendant on behalf of the class, much less seek to distinguish it or argue that it was wrongly decided. See, e.g., *1368 Chinese-Manufactured Drywall Prods. Liability Litig. , 2017 WL 5971622 at *19-20 (holding that the court had personal jurisdiction over defendant as to nationwide class claims where specific jurisdiction had been established as to the named plaintiffs); Day v. Air Methods. Corp. , No. 5:17-183-DCR, 2017 WL 4781863, at *2 (E.D. Ky. Oct. 23, 2017) (holding that claims of non-resident unnamed class members did not destroy personal jurisdiction because "the inquiry for personal jurisdiction lies with the named parties of the suit asserting their various claims against the defendant, not the unnamed proposed class members"); Thomas v. Kellogg Co. , Case No. C13-5136RBL, 2017 WL 5256634, at *1 (W.D. Wash. Oct. 17, 2017) (denying defendant's motion to dismiss opt-ins' claims, explaining that it is "not at all clear that Bristol Myers even applies" to cases concerning federal class claims in federal court); Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc. , Case No. 17-cv-00564 NC, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017) (holding that although eighty-eight percent of the class members were not residents of the forum state, the court had jurisdiction over defendant as to the claims of the putative nationwide class by virtue of the specific jurisdiction established by the named plaintiff's claims); AM Trust v. UBS AG , 78 F.Supp.3d 977, 986 (N.D. Cal. Jan. 29, 2015) (stating that "claims of unnamed class members are irrelevant to the question of specific jurisdiction" but dismissing the complaint for lack of specific jurisdiction as to the claims of the named class members).[9]
It also bears noting that unnamed members of plaintiff classes have been held distinct from named plaintiffs in that the unnamed members' status as a "party" is seen not as "an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." Devlin v. Scardelletti , 536 U.S. 1, 10, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) ; accord Smith v. Bayer Corp. , 564 U.S. 299, 313, 131 S.Ct. 2368, 180 L.Ed.2d 341 (2011) (describing the argument that a non-named class member is a party to the litigation before the class is certified as "novel and surely erroneous"). And while courts have held that an unnamed member of a certified class may be "considered a party" for certain purposes, such as tolling a statute of limitations, Am. Pipe & Contr. Co. v. Utah , 414 U.S. 538, 540-60, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), being bound by a judgment, Shutts , 472 U.S. at 814, 105 S.Ct. 2965, or appealing an adverse judgment, Smith , 564 U.S. at 313, 131 S.Ct. 2368, courts have also held that such a person may not be considered a "party" for other purposes, such as establishing specific personal jurisdiction over a defendant, *1369 Greene v. Mizuho Bank, Ltd. , 169 F.Supp.3d 855, 866 (N.D. Ill. 2016) ; Matthews v. Brookstone Stores, Inc. , 469 F.Supp.2d 1056, 1067 & n.17 (S.D. Ala. 2007) (determining diversity of citizenship); Devlin , 536 U.S. at 10, 122 S.Ct. 2005 (explaining that "nonnamed class members cannot defeat complete diversity" because the "[e]ase of administration would be compromised by having to consider the citizenship of all class members"), conducting discovery, Wainwright v. Kraftco Corp. , 54 F.R.D. 532, 534 (N.D. Ga. 1972) ("Since discovery by written interrogatories pursuant to Rule 33 and by motions for orders compelling production of documents pursuant to Rule 34 may be had only against 'parties,' the court does not believe such discovery may be had from the class members in this action, other than the Atlanta and Rome boards, which are party-plaintiffs."), or challenging entry of a final judgment, Day v. Persels & Assocs., LLC , 729 F.3d 1309, 1316 (11th Cir. 2013) (holding that "absent class members are not 'parties' whose consent is required for a magistrate judge to enter a final judgment under [ 28 U.S.C.] § 636(c)") ).
In sum, the undersigned concludes that because Bristol-Myers simply reaffirms controlling due-process law and does not apply to federal class actions and because Launch has not otherwise presented persuasive authority in support of its motion, Launch has shown no reason that this Court may not continue to exercise jurisdiction over a nationwide class claim on the strength of its specific personal jurisdiction over the defendant as to the named plaintiff's claim. Accordingly, it is hereby RECOMMENDED that the District Judge DENY Launch's partial motion to dismiss the complaint as to non-resident plaintiff class members.
III. Conclusion
For the reasons discussed above, the undersigned RECOMMENDS that the partial motion to dismiss be DENIED , [Doc. 16].
IT IS SO RECOMMENDED , this the 26th day of January, 2018.

Section 1681b(b)(3) provides, in relevant part, that
in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates-
(i) a copy of the report; and
(ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.
15 U.S.C. § 1681b(b)(3).

The deadline for Plaintiff to file a motion for class certification is stayed until after the Court's ruling on this partial motion to dismiss. [Doc. 23]. Although there has been no class certification, the Court will, for simplicity's sake, hereinafter refer to the members of the proposed plaintiff class as "the plaintiff class."

Launch has not opposed Plaintiff's filing of the supplemental authority, (see Dkt.), and the filing of persuasive authority issued after briefing is, of course, a well-established practice that is helpful to the Court, Hornor, Townsend, & Kent, Inc. v. Hamilton , No. Civ. A. 1:01 CV 2979 J, 2004 WL 2284503, at *11 (N.D. Ga. Sept. 30, 2004) (Carnes, J.). This is especially true in a case such as this that presents a dispute over the interpretation and application of a recent opinion of the United States Supreme Court. [See Doc. 16]. The Court therefore accepts and has considered Plaintiff's proffer of supplemental authority, [Docs. 38, 40].

The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits the personal jurisdiction of state courts. Bristol-Myers Squibb Co. , 137 S.Ct. at 1779 ; Daimler AG v. Bauman , 571 U.S. 117, 134 S.Ct. 746, 751, 187 L.Ed.2d 624 (2014). There are two types of personal jurisdiction: "general" jurisdiction, sometimes called "all-purpose," where the defendant may be fairly regarded as "home" and the defendant is amenable to suit upon any claim, or "specific" or "case-linked" jurisdiction, where claims that may be heard are only those arising out of or relating to the defendant's contacts with the forum. Bristol-Myers Squibb Co. , 137 S.Ct. at 1780.

Had Plaintiff pursued the issue, the Court would not have found that Launch is subject to general jurisdiction in Georgia. Compare Carmouche v. Tamborlee Mgmt., Inc. , 789 F.3d 1201, 1204 (11th Cir. 2015) (finding no general jurisdiction in Florida over a corporation that had a Florida bank account, two Florida addresses (one of which was a post-office box), and insurance from Florida companies; had filed a financing statement with the Florida Secretary of State; had joined a non-profit trade organization based in Florida; and had consented to Florida jurisdiction in an agreement with a third party) with Rollo Decl. ¶¶ 8-16 (testimony that Launch does not own property, maintain bank accounts, have an office, solicit business, or have a designated agent in the state of Georgia; that it has only one employee in Georgia, who works remotely from his home; and that a small percentage of its business and revenue come from clients in Georgia). Likewise, there does not appear to be any factual basis for a determination that the individual claims of the non-Georgia class members arise out of or are related to Launch's contacts with Georgia and that the Court might therefore exercise specific jurisdiction over Launch as to those claims. [See generally Doc. 1].

Launch repeatedly mischaracterizes Bristol-Myers -both in the brief it filed in support of its motion to dismiss and in its reply brief-as a class-action lawsuit, [Doc. 16 at 1-2, 4, 8; Doc. 34 at 2-3], when it was not a class-action suit but rather was a mass tort action, Bristol-Myers Squibb Co. , 137 S.Ct. at 1777, 1787, 1789.

Plaintiff does argue in his reply brief that Rule 23 of the Federal Rules of Civil Procedure does not temper due process unfairness. However, the Court finds no citations to supportive case law in either of his briefs, and the one apparently on-point article he attempts to proffer is not properly cited, is misquoted in Plaintiff's brief, is thirty years old, and, and despite being authored by the now-Chief Judge of the U.S. Court of Appeals for the Seventh Circuit, is a law-journal article and therefore presents, at best, only persuasive authority. [See Doc. 34 at 8 (citing Diane P. Wood, Adjudicatory Jurisdiction & Class Actions , 62 Ind. L.J. 597 (1987) ) ].

Notably, the Solicitor General explained in its brief in Bristol-Myers that the case "d[id] not present any question concerning whether a state court may entertain class actions, under established rules, to resolve claims arising from conduct in multiple jurisdictions." U.S. Amicus Br. Supporting Petitioner Bristol-Myers, Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty. , No. 16-466, 2017 WL 1046237, at *32 n.5 (U.S. Mar. 8, 2017) ; see also Bristol-Myers , 137 S.Ct. 1773 at 1789 n.4 (Sotomayor, J., dissenting) ("The Court today does not confront the question whether its opinion here would apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there."). As Plaintiff points out, [Doc. 29 at 10 n.2], if that was true for state class actions, it was certainly also true for federal class actions.

The Court is aware, based on its own research, that there are cases where district courts have found that Bristol-Myers precludes a finding of personal jurisdiction over the claims of non-resident plaintiff class members, but they contain little analysis and the Court therefore does not find them persuasive. See, e.g., McDonnell v. Nature's Way Prods., LLC , No. 16 C 5011, 2017 WL 4864910, at *4 (N.D. Ill. Oct. 26, 2017) (presuming that Bristol-Myers requires dismissal of non-residents class members' claims without explaining why Bristol-Myers would apply in a class-action suit); Wenokur v. AXA Equitable Life Ins. Co. , No. CV-17-000165-PHX-DLR, 2017 WL 4357916, at *4 n.4 (D. Ariz. 2017) (stating, without analysis, that in light of Bristol-Myers , the court lacked personal jurisdiction over the non-resident claims and therefore would not be able to certify a nationwide class); Spratley v. FCA US LLC , No. 3:17-CV-0062, 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017) (presuming that Bristol-Myers requires dismissal of non-residents class members' claims without explaining why Bristol-Myers would apply in a class-action suit).