**Philip D. ROBERTS, et al., Plaintiffs,**

v.

**Werner HEIM, et al., Defendants.**

**No. C 84–8069 TEH.**

United States District Court,
N.D. California.

April 14, 1988.

See also, D.C., 130 F.R.D. 424, D.C., 130 F.R.D. 430.

418

David B. Gold, Solomon B. Cera, San Francisco, Cal., Woodford G. Rowland, San Rafael, Cal., for plaintiffs.

Gerald A. Cohn, Orinda, Cal., Special Master.

R. Nicholas Gimbel, Hoyle, Morris & Kerr, Philadelphia, Pa., for Lewin Energy Corp., Vello A. Kuuskraa, Technology Catalysts, Inc. and R. L. DiCicco.

Robert L. Lofts, William L. Stern, Severson & Werson, San Francisco, Cal., for Somers & Altenbach.

Richard Haas, Lasky, Haas, Cohler & Munter, San Francisco, Cal., for Robert E. Altenbach.

James A. Cunningham, Boulder, Colo., in pro. per.

Neil E. Rogen, Weston, Mass., in pro. per.

Kurt C. Peterson, Mary C. Oppedahl, Crosby, Heafey, Roach & May, Oakland, Cal., for T. Kenneth Pyles.

Darryl M. Woo, Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., for Greg E. Bogdan.

James Robertson, Wilmer, Cutler & Pickering, Washington, D.C., for Lewin and Associates, Inc.

Robert J. Glynn, Gary A. Cerio, Glynn & Harvey, San Francisco, Cal., for Baskin & Steingut.

Douglas R. Young, Mark D. Petersen, Farella, Braun & Martel, San Francisco, Cal., for Fox & Co.

William R. Conklin, Redwood City, Cal., in pro. per.

Dennis Bourquin, Redwood City, Cal., David M. Greenberg, San Francisco, Cal., for TexOil International, Inc.

Darrell D. McCullough, Bailey, Colo., in pro. per.

Robert LaGuardia, Englewood, Colo., in pro. per.

Richard A. Ardoin, Bronson, Bronson & McKinnon, San Francisco, Cal., for Richard B. Basile, Glenda Exploration and Development Corp. and the Manhattan Partnerships.

Dan Biles, Gates & Clyde, Overland Park, Kan., for Gary E. Krause, Energy Associates, Inc. and the Wichita Partnerships.

Robert D. Radcliffe, Midvale, Utah, for Werner Heim, Hemisphere Licensing Corp., Elektra Energy Corp., Petrotec Systems, A.G., Petrotec Holdings, A.G., and Shalelectric, S.A.

Karl A. Schledwitz, Memphis, Tenn., for the Denver Partnerships.

Richard N. Patterson, Leslie G. Landau, Patrick Cooper, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., John A. Shutkin, Associate Gen. Counsel, New York City, for Peat, Marwick, Mitchell & Co.

Andrew R. Adler, Boornazian, Jensen & Garthe, Oakland, Cal., for Daniel L. Penner.

A. James Robertson, Peter J. Busch, James D. Leibson, Howard, Rice, Nemerovski, Canady, Robertson & Falk, San Francisco, Cal., for Friedman & Shaftan.

Robert E. Carey, Jerry Fong, Carey & Carey, Palo Alto, Cal., for Republic International Corp.

James H. Seymour, Palo Alto, Cal., for Anvil Corp.

## ORDER

THELTON E. HENDERSON, District Judge.

This matter comes before the Court on defendant Manhattan Partnerships' (hereafter "MPN") motion to decertify the class, plaintiffs' motion to direct class notice procedures, and proposed intervenors' motion to intervene and oppose class notice. After careful consideration of the parties' papers and oral arguments of counsel, the Court hereby denies the MPN's motion to decertify, directs the parties to prepare a class notice form in accordance with the instructions provided below, and denies the proposed intervenors motion to intervene.

*MPN's Decertification Motion.*[1]

In our prior order, *Roberts v. Heim,* 670 F.Supp. 1466 (N.D.Cal.1987), we certified a global class consisting of "all persons except defendants who purchased interests in any of the Oil Technology Group Partnerships." *Id.* at 1488. In so doing, the Court noted that the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a) had been adequately pled by the allegations that 1) Heim and Savery had controlled all three partnerships; 2) the enhanced oil recovery technology did not exist or was known to be infeasible; 3) the promised tax deductions could not be obtained; and 4) each partnership was financed together. *Id.* at 1489. We expressed concern, however, that the factual underpinnings of the allegations would be "closely examine[d]" and that plaintiffs would have to "justify the continuation of this litigation [as] a 'global' plaintiff class" by "establish[ing] the existence of a conspiracy or concerted scheme." *Id.* at 1490.

The MPN, one of the three defendant partnership groups, have now invited this Court to make this substantive examination of the complaint's factual underpinning.

They aver that plaintiffs have produced virtually no evidence of a conspiracy or concerted scheme that binds the MPN to the conduct of the other defendants. Thus, they argue that the plaintiffs have not established a basis for pursuing a class-based claim against the MPN, and ask us to decertify the class to exclude them from the class.

Before turning to the merits of the MPN's claim, we first note that we do not treat this motion as a summary judgment motion in disguise; we do not intend to rule on the merits of plaintiffs' conspiracy claims. Instead our task is merely to determine whether Rule 23 requirements have been met. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974).

The MPN argue that plaintiffs have not complied with the rule's requirements, and buttress this assertion by submitting plaintiffs' responses to a recent set of interrogatories propounded by the MPN. MPN submitted 154 interrogatories to plaintiffs, asking them to divulge the factual basis for plaintiffs' conspiracy allegations against numerous defendants. Plaintiffs did not provide detailed responses. Instead, they replied that the answers to each of the interrogatories could be found in the documents that plaintiffs had turned over to the MPN.

The MPN construe plaintiffs' responses as tacit admissions that they have no evidence of a conspiracy.[2] We do not agree. While plaintiffs' discovery conduct was not as cooperative as the MPN would like, plaintiffs had legitimate reasons for refusing to fully answer the burdensome interrogatories. Pursuant to a discovery schedule established by the parties and approved by the Special Master, plaintiffs are presently attempting to complete discovery on their class-based allegations. Thus, the

---

1. For the factual background of this litigation, see our prior order, *Roberts v. Heim,* 670 F.Supp. 1466 (N.D.Cal.1987).

2. The MPN also submitted a declaration of the MPN's counsel who inspected these documents and concluded that none of them provided evidence of the MPN's participation in the conspiracy. We do not find this opposing counsel's critical appraisal of plaintiffs' evidence to be a very persuasive indication of its strength.

MPN's insistence on a summation of all of plaintiffs' evidence supporting the class-based allegations justifiably struck plaintiffs as somewhat premature. Moreover, plaintiff apparently did try to cooperate with the MPN by identifying the relevant documents and witnesses; MPN apparently refused to accept anything but full narrative responses to the questions. Therefore, plaintiffs' refusal to respond does not demonstrate that they have no evidence of the MPN's participation in a conspiracy.

■ More importantly, plaintiffs' opposition brief presents a substantial amount of evidence supporting the conspiracy claims against the MPN. That evidence is described below:

1) the initial agreement to form the partnerships states that Richard Basile, the general partner of the MPN, would spend a large sum of money to promote the partnerships;

2) GEDCO, the corporate general partner of the MPN, also served as general partner of the Denver partnership;

3) Basile paid commissions to members of the Denver partnership to sell interests in the MPN;

4) the Denver Partnerships used these commissions to syndicate new Denver partnerships;

5) the offering memoranda of all three partnerships contained substantially similar alleged misprepresentations;

6) the different partnerships licensed the same allegedly overvalued and ineffective technology;

7) the different partnerships allegedly purchased oil-bearing lands from third parties who did not deal at arms length with the purchasers.

The MPN fails to adequately rebut this evidence. With regard to Basile's expenditure of money on behalf of the partnerships, the MPN cryptically contends that that evidence demonstrates his *"bona fides,* not [his] participation in any scheme." MPN's brief at 11. Similarly, the MPN contends that Basile's payment of commissions to the Denver partnerships, and the Denver partnership's subsequent use of the commissions do not demonstrate wrongful conduct. The MPN may be correct that the payment of commissions are not wrongful; however, they do suggest an interrelationship that supports the conspiracy allegations. At oral argument, the MPN did rebut plaintiffs' evidence regarding the similarity of the different defendants' offerring memoranda and the promoted technology. The MPN argued that they invested in more exotic technology than the Denver and Wichita Partnerships, and purchased oil-bearing tracts in different parts of the country than did the Denver and Wichita Partnerships. This factual dispute highlights the impropriety of this Court deciding now, as a matter of law, that there is no conspiracy in this case. Considerably more factual evidence must be discovered and submitted before the Court can make such a finding.

Plaintiffs' proferred evidence meets the requirements of Rule 23.[3] Therefore, the MPN's motion for decertification must be denied. In addition, the Court hereby vacates that portion of the March 23, 1987 order which limited discovery to plaintiffs' class-based allegations. *Roberts,* 670 F.Supp. at 1496. Discovery should no longer be limited to those issues. The Special Master shall continue to preside over all discovery and issue whatever orders he deems necessary. The parties should understand that the lifting of this limitation renders moot a large portion of the discovery disputes pending before the Special Master. Accordingly, the parties shall

---

**3.** This order expresses no opinion on whether plaintiffs could prevail on a summary judgment motion with this same collection of evidence. The requirements of F.R.C.P. 23 and 56 are considerably different.

meet and confer within two weeks of the date of this Order to determine which pending discovery disputes have been mooted by this Order, and which disputes remain for the Special Master's adjudication. After meeting and conferring, the parties shall submit joint statements to the Special Master informing him of which disputes have been mooted, and which remain justiciable.

*Notice to Class Members.*

■ The Court hereby directs that notice to class members be provided. We find that such notice is not premature; indeed, the class was certified over one year ago, and the Court has now rejected the MPN's motion to decertify. Moreover, while discovery regarding the scope of the class is ongoing, the Court's March 23, 1987 Order did not instruct the Special Master to rule on the propriety of maintaining this action as a class. Instead, the Court instructed the Special Master to preside over discovery and to report back to the Court if he believed that plaintiffs' discovery constituted a "fishing expedition" and not a bona fide effort to establish the "glue" of the conspiracy allegations. The Special Master has not found that plaintiffs have engaged in improper discovery. Moreover, the Court does not believe that it is necessary to await what may be months or years of further discovery regarding the class allegations to provide notice to potential members. Therefore, we reject various defendants' arguments that notice is premature, and order that such notice be produced.[4]

The Court approves the notice form prepared by plaintiffs, with the following amendments and corrections. We anticipate that the parties will meet and confer to incorporate the following instructions into a notice form:

■ 1. The notice form must inform the class members of the existence of the

related tax cases. Plaintiffs' efforts to distinguish this case from *Hudson v. Capital Management, Inc.*, C 81–1737 MHP (April 20, 1984), are unavailing; potential class members have a right to know that the position they would take as class members in this lawsuit may be inconsistent with positions they would take in the tax proceedings. However, the Court agrees that there are several factual differences between this case and *Hudson.* In particular, we note that many potential class members have settled with the I.R.S. and that there are "test cases" now proceeding. The notice form may include these facts.

■ In addition, the notice form shall inform the parties that there is no case authority for the proposition that by not opting out, absent class members could be charged by the I.R.S. as adopting the admissions of the named plaintiffs. The Court has read the cases cited by the parties, as well as conducted its own research, and the cases indicate that class members are generally not considered parties to the litigation prior to judgment. See especially *Donson Stores, Inc. v. American Bakeries Company,* 58 F.R.D. 485, 489–90 (S.D.N. Y.1973), holding that absent class members are not parties subject to counterclaims under F.R.C.P. 13. The notice should recommend that the absent class members consult with an attorney for further guidance on this question.

■ 2. The notice form should provide for a more balanced and detailed description of the action than is provided in paragraph 1.2. The parties should draft additional language to inform potential class members of applicable defenses and cross-claims; the notice should also distinguish between the state and federal classes.

■ 3. The notice shall provide for a sixty day time period for potential class members to opt-out. Given the complexity of the issues, and the likely need of poten-

---

4. The Court also rejects defendant Somers & Altenbach's "constitutional" argument in opposition to class notice. That argument, to the extent the Court understands it, seems to raise questions about the scope of liability against Somers & Altenbach. Those questions are not properly raised in the context of a dispute about class notice.

tial class members to consult with their attorneys, the Court finds that thirty days is not a sufficient amount of time for the opt-out. On the other hand, ninety days is an unnecessarily long period of time.

4. No notice shall actually be sent out until the Court issues an order on the motions presently pending in *Schur et al. v. Friedman and Shaftan et al.*, C 87–6174 TEH.

The Court rejects the following suggestions made by various defendants:

■ 1) It is not necessary to inform class members that this class has only been "provisionally certified"; prior to entry of final judgment, all class certifications are conditional.

■ 2) Plaintiffs need not delete paragraph 2.3, the paragraph on attorneys fees. That paragraph is legitimate and informative; class members have a right to know how this litigation is to be financed.

■ 3) It is not necessary to insert a paragraph informing potential class members of future discovery obligations. Discovery of non-named plaintiffs is both rare and usually inappropriate. *See, e.g., Wainwright v. Kraftco Corp.*, 54 F.R.D. 532, 534 (N.D.Ga.1972) and *Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (W.D.Kent. 1971). Given the reluctance of most courts to order such discovery, we do not wish to dissuade potential class members by informing them of discovery obligations that are unlikely to arise.

■ 4) It is not necessary to provide a separate exclusion form. The Court finds that on balance, such a separate form will engender confusion and encourage investors to unwittingly opt out of the class.

■ 5) The notice need not be sent by registered mail; first *In Re: The Gap Stores Securities Litigation*, MDL No. 277 SW (N.D.Cal.1978) at 2, ¶ 5.

*Intervention Motion.*

■ Proposed intervenors, a group of approximately 1000 investors in the MPN, move to intervene in these proceedings. They contest the propriety of sending class notice and granting a request made by plaintiffs to prohibit counsel for these intervenors from contacting absent class members without prior court approval. The Court initially notes we previously denied these same intervenors' motion to intervene because they did not advance any position or perspective that had not already been addressed. Judging from their opposition on class notice, that same defect is still apparent; the intervenors merely repeat arguments made by the numerous defendants. At oral argument, the intervenors conceded that they would be satisfied if the Court merely granted them limited intervention status to intervene in this action. Their motion to intervene is denied, but the Court has read their brief and incorporated their arguments into this opinion.

*Motion to Limit Communication.*

■ Plaintiffs have requested that the Court issue an order requiring prior approval of any communications made by counsel for defendants and intervenors to absent class members during the opt-out period. The Court notes that before issuing such an order, the Court must be presented with a clear factual record, and must "make specific findings that reflect a weighing of the need for a limitation [on communication] and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101, 101 S.Ct. 2193, 2200, 68 L.Ed.2d 693 (1981).

Plaintiffs have not made a substantial showing of a need for what amounts to a prior restraint on constitutionally protected communication. If plaintiffs fear that class members will be misinformed about the significance of the tax cases, the guidance provided above should allay those fears. The Court is also not convinced that the alleged reorganization plan inspired by Declan O'Donnell constitutes persuasive evidence of the need for restraint of com-

munication. Should any wrongdoing occur during this opt-out period, plaintiffs may bring it to the Court's attention, and we will devise a remedy at that time. Therefore, plaintiffs' motion for a prior approval order is denied.

*Conclusion.*

For all the foregoing reasons, the Court denies the MPN's motion to decertify, grants the motion to direct class notice procedures with the instructions given above, denies the intervenors' motion to intervene, and denies the motion for prior approval of communication to absent class members.

IT IS SO ORDERED.

See also, D.C., 130 F.R.D. 416, D.C., 130 F.R.D. 430.