### In re POTASH ANTITRUST LITIGATION.

**MDL No. 981.**
**Civ. No. 3–93–197.**

United States District Court,
D. Minnesota,
Third Division.

May 2, 1995.

Mark Reinhardt, Reinhardt & Anderson, St. Paul, MN, Joel Meredith, Meredith Cohen & Greenfogel, P.C., Philadelphia, PA, Co–Lead Counsel for the Class.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Plaintiffs' Motion for Leave to Disseminate Class Notice. The Defendants have challenged the form and content of the Notice that the Plaintiffs have proposed and, in turn, the Plaintiffs have objected to the Notice that the Defendants have suggested. With the concurrence of the parties, we have considered the issues on their written submissions.

For reasons which follow, we direct that the Notice, which is attached hereto, be transmitted, by first-class mail, to each potential class member whose address is known to the parties, and that one publication of the Notice be effected in the national edition of the *Wall Street Journal.* We further direct that the class members be afforded a period of sixty (60) days in which to exercise their right to opt-out of the action. Lastly, all expenses attendant to the provision of the Notice, with the exception of any costs incurred by the Defendants in identifying the class members, be borne by the Plaintiffs.

## II. *Discussion*

By and large, the parties' objections, to the Notices drafted by the other, are stylistic or semantical. Each has correctly noted that the Notice authored by the opposing party impermissibly skews the tenor and, therefore, the purpose of the Notice. While we would prefer to commit the adjustment of those language differences to the parties, that process is both unwieldy and time-consuming, given the number of attorneys who are involved here.[1] As a consequence, we have drawn from the proposals advanced by the parties in promulgating a Notice which complies with the requisites of Rule 23(c)(2), Federal Rules of Civil Procedure.

In pertinent part, Rule 23(c)(2) provides as follows:

> [T]he court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude the member from the class if the member so requests by a specific date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if the member desires, enter an appearance through counsel.

The Notice we have prepared satisfies the foregoing requirements, is neutral in its content, and is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). In the interests of completeness, however, we address those issues which have separated the parties, and those which the parties have not addressed or otherwise resolved.

■ 1. *The Relevant Time Parameters for the Class.* The parties are at odds as to the relevant time parameters for the class. The Defendants propose the period from "April 1987 to and including April 1, 1993," while the Plaintiffs have adopted the time constraints enunciated in the District Court's definition of the class; namely, the period from "April 1987 to and including July 8, 1994." The difference rests in the fact that the Defendants have employed the filing date of the Plaintiffs' initial class action Complaint, which was filed on April 1, 1993, while the Plaintiffs and the District Court have selected the filing date of the Plaintiffs' Third Amended and Consolidated Class Action Complaint. We find no reason to disagree with the District Court's acceptance of the July 8, 1994, date as an appropriate time boundary for inclusion in the class, and the Defendants offer none. Accordingly, we accede to the time parameters enunciated by the District Court in its Class Certification Order of January 12, 1995.[2]

■ 2. *The Publication of a Summary Notice.* Expressing concern that a nationally published Notice, albeit in summarized form, may adversely impact upon their economic condition, the Defendants urge that the Notice to class members be restricted to direct mailings. While direct mailings may satisfy the precepts of due process, we note that Rule 23(c)(2) clearly evinces an intent that something more than direct mailings may be required. In the words of the Rule, "the best notice practicable under the circumstances," is modified by the phrase— "including individual notice to all members who can be identified through reasonable effort." Of course, if direct mailings—in and of themselves—were sufficient, then there would be no purpose in the employment of the modifier "including."

---

1. With greater frequency, the parties are interpreting their "meet and confer" obligations as an opportunity to "meet and differ." Not every issue requires the polarization of positions that we are now confronting in this litigation, and we forewarn the parties and their counsel that we are not powerless to remedy the apparent inability of the parties to find any "middle ground."

2. The Defendants also contest the Plaintiffs' extension of the class to "any subsidiary or affiliate" of the Defendants, but they offer no basis for their objection. Since the District Court utilized these precise words to define the certified class, we find their incorporation into the Notice to class members to be appropriate.

Accordingly, we are satisfied that the general practice of including a generalized publication of a Notice to class members serves the worthy purpose of supplementing direct mailings in the event that an absent class member's address is misidentified, is changed, or is otherwise unavailable. While we are concerned about any unnecessary disadvantage that the required Notice may have upon any or all of the Defendants, we are satisfied that the neutral content of the Notice in this instance will not wreak the "extreme disruption" in business which has concerned the Courts in the past. See, e.g., *Fogie v. Rent–A–Center, Inc.*, 867 F.Supp. 1398, 1404 (D.Minn.1993), citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 762 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). Here, the Plaintiffs propose no more than a single publishing in the national edition of the *Wall Street Journal*, and we find such a publication of Notice to be consonant with proper and adequate notice under all of the circumstances.

3. *The Employment of an Exclusion Form.* The Defendants have promoted the employment of an exclusion form which would be utilized by those potential class members who should choose to opt-out of the class. Such an exclusion form is expressly endorsed by the Manual for Complex Litigation, which has incorporated a suggested form to be utilized, and it has been employed by the Courts on prior occasions. *Manual for Complex Litigation* (Second) § 30.21 at page 210; *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811, 105 S.Ct. 2965, 2974, 86 L.Ed.2d 628 (1985); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 178 (2d Cir.1987); *Roman Catholic Bishop v. Reader's Digest Ass'n*, Civil Case No. 93–1953, 1994 WL 836334 (S.D.Cal. Nov. 2, 1994).

In opposition to the incorporation of an exclusion form, the Plaintiffs rely upon those decisions which have regarded the form as

introducing confusion into Notice provisions. See, *In re Domestic Air Transp. Antitrust Litigation*, 141 F.R.D. 534, 553–54 (N.D.Ga. 1992), citing *City of Philadelphia v. American Oil Co.*, 53 F.R.D. 45 (D.N.J.1971), and *Roberts v. Heim*, 130 F.R.D. 416, 423 (N.D.Cal.1988). Although we have no doubt that the deployment of any form can invite confusion if not adequately explained, we see nothing generically confusing in the utilization of an exclusion form to facilitate a potential class members election to opt-out of a class. Notably, in assessing the due process implications of a "request for exclusion form," which had been appended to a Notice to class members, the Supreme Court found nothing deficient in providing an "absent plaintiff * * * with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." *Phillips Petroleum Co. v. Shutts*, supra 472 U.S. at 812, 105 S.Ct. at 2974.

We recognize that the use of such a form may facilitate the election of some class members to exclude themselves from the class, but we find nothing objectionable in that prospect given the greater facility that attends the inclusion of a class member who, by inertia, fails to opt-out of the class. When the presumption weighs in favor of class inclusion unless exclusion is affirmatively elected, we see no unfairness in simplifying the mechanism by which exclusion can be voluntarily chosen.[3] Therefore, the Notice we have chosen incorporates an exclusion form.

4. *The Timing of the Notice's Dissemination.* The parties have not suggested any timing for the dissemination of the Notice to the class members.[4] In the interests of expediency, we direct the Defendants to provide the Plaintiffs with the identities and the last known addresses of each of those per-

---

**3.** In the final analysis, the concern of the Court is not whether opting-in favors the Plaintiff, or whether opting-out inures to the benefit of the Defendants. So long as the Notice to the class members is fully descriptive, the use of an exclusion form does no more than assure that those who wish to opt-out may do so with somewhat of the same ease by which they may opt-in.

**4.** The selection of the appropriate period, during which potential class members may consider the advisability of class membership, is almost wholly an exercise of the Court's discretion. In selecting a 60–day period, we are satisfied that the period allowed will neither compel an unnecessarily rushed response, nor will it lull the potential class member into complacency.

sons or entities who are believed to qualify for inclusion in the class that the District Court has certified. We believe that this information can be garnered and disclosed in short order, and we direct that these disclosures occur within three weeks from the date of this Order.

In turn, we direct that the Notice to class members be transmitted to each entity or person so identified by the Defendants by no later than June 30, 1995, at which time the summary Notice[5] shall also be published in the national edition of the *Wall Street Journal.* With the exception of any costs incurred in the gathering of the identities of potential class members, the expenses that are incident to the dissemination of the Notices will be borne by the Plaintiffs. See, *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974).

Lastly, we direct that the Notice expressly advise that those who wish to exercise their right of opting-out of the class must return their exclusion form such that the postmark shall be dated no later than August 30, 1995.

NOW, THEREFORE, It is—

ORDERED:

1. That the Plaintiffs' Motion for Leave to Disseminate Class Notice [Docket No. 379] is GRANTED.

2. That the Defendants are directed to provide the Plaintiffs with the identities and last known addresses of those persons and entities who are believed to qualify for inclusion, in the class that has been certified by the District Court, within a period of three weeks from the date of this Order.

3. That the Notice, which is to be directly mailed to the potential class members, shall have the form and content of that attached to this Order, and shall be mailed to the potential class members, by first class mail, by no later than June 30, 1995.

4. That the parties are directed to immediately prepare a summarized version of the Notice to class members, suitable for publication, which shall be published in the national edition of the *Wall Street Journal* on or about June 30, 1995; and that, to the extent that the parties are unable to jointly prepare an agreed-upon summarized Notice, they shall jointly advise the Court of that fact by no later than June 1, 1995.

5. That, with the exception of the costs which are incidental to the Defendants' provision of the identities and last known addresses of the potential class members, all of the costs of disseminating and publishing the Notices to the class members shall be borne by the Plaintiffs.

## NOTICE OF PENDENCY OF CLASS ACTION

TO: DIRECT PURCHASERS OF PO-TASH BETWEEN APRIL 1, 1987, AND JULY 8, 1994.

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ THIS ENTIRE NOTICE CAREFULLY.**

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Order of the United States District Court for the District of Minnesota. The purpose of this Notice is to inform you of certain class action lawsuits that are now pending in this Court which have been brought on behalf of direct purchasers of potash in the United States. These actions allege that the Defendants have engaged in price-fixing in violation of the antitrust laws with respect to the pricing of potash.

**THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF THE CLAIMS OR DEFENSES OF ANY PARTY. IT IS PROVIDED FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THIS CLASS ACTION, SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO THE STEPS YOU MAY WISH TO**

5. We direct the parties to prepare a Summary Notice, suitable for publication, which mirrors the more extended form of Notice that has been prepared by the Court, but which shall not incorporate an exclusion form as has been specified for the written Notice which is to be directly mailed to the potential class members.

TAKE IN RELATION TO THIS LITIGATION.

*PLAINTIFF CLASS*

By Order dated January 12, 1995, the Court certified these actions to proceed as class actions on behalf of the following class:

All purchasers (excluding governmental entities, defendants, subsidiaries and affiliates of defendants, co-conspirators of defendants, and other producers of potash and their subsidiaries and affiliates) in the United States of potash directly from defendants or any subsidiary or affiliate thereof at any time during the period April 1987 to and including July 8, 1994.

The Plaintiffs who have been designated as class representatives to represent the class are John Peterson d/b/a Almelund Feed & Grain; Hahnaman Albrecht, Inc.; James River Farm Service, Inc.; AG Network, Inc.; and Laing–Gro, Inc.

ESTABLISHMENT BY THE COURT OF THIS CLASS DOES NOT MEAN THAT ANY RELIEF WILL BE OBTAINED FOR PURCHASERS OF POTASH FROM A DEFENDANT, BECAUSE THE ISSUES ARE CONTESTED AND HAVE NOT BEEN DECIDED. RATHER, THE CLASS ACTION RULING, IF NOT MODIFIED, WOULD MEAN THAT THE ULTIMATE OUTCOME OF THIS LAWSUIT—WHETHER FAVORABLE TO PLAINTIFFS OR TO DEFENDANTS—WILL APPLY IN LIKE MANNER TO ALL CLASS MEMBERS. CLASS MEMBERS WHO DO NOT TIMELY ELECT TO BE EXCLUDED FROM THE CLASS WILL BE BOUND BY THE OUTCOME OF THIS LITIGATION, WHETHER THAT OUTCOME IS FAVORABLE OR UNFAVORABLE TO THE CLASS.

*DEFENDANTS*

The following manufacturers and sellers of potash are defendants: Potash Corporation of Saskatchewan, Inc.; Potash Corporation of Saskatchewan Sales Limited; Potash Company of America, Inc.; IMC Fertilizer Group, Inc., Rio Algom Limited; PPG Canada Limited; PPG Industries, Inc.; Kalium Chemicals, Ltd.; Kalium Canada, Ltd.; Noranda Minerals, Inc.; Noranda Sales Corporation, Ltd.; Central Canada Potash Co., Cominco Limited; Cominco American Incorporated; Eddy Potash, Inc.; and New Mexico Potash Corporation, or any other subsidiary or affiliate thereof.

Please note that, to be a member of the certified class, you must have purchased potash directly from one of the defendants during the class period.

*THE LITIGATION*

Plaintiffs allege that defendants conspired from April 1987 to and including July 8, 1994, to fix and/or stabilize the price of potash sold to plaintiffs and class members. Plaintiffs further allege that, as a result of the conspiracy, they and class members have been injured by paying more for potash than they would have had to pay in the absence of the illegal conduct. Plaintiffs seek recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees. Defendants have filed answers denying all of the plaintiffs' allegations. There has been no determination by the Court of the merit of plaintiffs' allegations.

*ELECTION BY CLASS MEMBERS*

If you satisfy the above description of a plaintiff class member, you have a choice whether or not to remain a member of the class. Your choice will have its consequences, which you should understand before making your decision. If you wish to remain a member of the class, share in any potential recovery, and be bound by the outcome of this litigation, then you *need do nothing at this time.* You automatically will be included in the class. By remaining a class member, any claims against the defendants, as alleged in the class action complaint, will be determined in this case and cannot be presented by you in any other lawsuit.

If you *do not* wish to remain a member of the class, you *must* complete and submit the Request for Exclusion from Class Action Form that is attached to this Notice, so that it will be postmarked no later than **August**

30, 1995. Your Request for Exclusion Form should be mailed, first-class, to:

Clerk of Court
United States District Court
708 U.S. Courthouse
316 North Robert Street
St. Paul, Minnesota 55101

Attn: In re Potash Antitrust Litigation

By making an election to be excluded: (1) you will not share in any potential recovery that might be obtained by the class as a result of the trial or settlement of this lawsuit; (2) you will not be bound by any decision in this lawsuit favorable to the defendants; and (3) you may present any claims you have against the defendants by filing your own lawsuit or you may seek to intervene in this lawsuit.

## RIGHTS AND OBLIGATIONS OF CLASS MEMBERS

If you remain a member of this class, plaintiffs and their attorneys will act as your representatives and counsel for the presentation of the claims against the defendants. If you desire, you may appear by your own attorney. You may also seek to intervene individually and may advise the court if at any time you consider that you are not being fairly and adequately represented by plaintiffs and their attorneys. Your participation in any recovery or other benefit which may be obtained from the defendants through the trial or the settlement will depend upon the results of this lawsuit. If no recovery or other benefit is obtained for the class, you will be bound by that result as well.

As a member of the class, you will not be personally responsible for any attorneys' fees or costs unless you retain your own counsel, in which case you may be responsible for his or her fees and costs. You will be entitled to notice of any ruling that reduces the size of the class and also to notice of, and an opportunity to be heard respecting, any proposed settlement or dismissal of the class claims.

Co–Lead Counsel for the Class are:

Mark Reinhardt
Reinhardt & Anderson
E–1000 First National
Bank Bldg.
332 Minnesota Street
St. Paul, MN 55101

Joel Meredith
Meredith Cohen
& Greenfogel, P.C.
117 South 17th St.,
22nd Fl.
Philadelphia, PA 19103

## KEEP YOUR ADDRESS CURRENT

If you change your address, or if this Notice was not mailed to your correct address, you should immediately send notice in writing to: **In re Potash Antitrust Litigation, c/o Reinhardt & Anderson, E–1000 First National Bank Bldg., 332 Minnesota Street, St. Paul, MN 55101.**

## ADDITIONAL INFORMATION

The pleadings and other records in this litigation may be examined and copied at any time during the regular office hours, and subject to the customary copying fees, at the Clerk of Court's office, 708 U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101.

Any question you have concerning the matters contained in this Notice may be directed in writing to In re Potash Antitrust Litigation, **c/o Reinhardt & Anderson, E–1000 First National Bank Bldg., 332 Minnesota Street, St. Paul, MN 55101.**

### DO *NOT* TELEPHONE THE CLERK OF COURT OR HIS OFFICE.

Dated: _____

By Order of the Court
United States District Court
    for the District of Minnesota

TO: Clerk of Court
    United States District Court
    708 U.S. Courthouse
    316 North Robert Street
    St. Paul, Minnesota 55101
    Attn: In re Potash Antitrust Litigation

### REQUEST FOR EXCLUSION FROM CLASS ACTION FORM

**Read the attached legal Notice carefully before filling out this Form.**

The undersigned states that he/she is authorized to act on behalf of

_____

(Purchaser); that the Purchaser is a member

of the class described in the foregoing Notice; that the Purchaser hereby elects to be excluded from the class, in accordance with the provisions of the attached Notice, receipt of which is hereby acknowledged.

Dated: _____

_____
Signature

_____
Name (Print)

_____
Title/Company

_____
Address

_____
Telephone Number