**James H. CANEL, on behalf of himself, and all others similarly situated, Plaintiff,**

v.

**LINCOLN NATIONAL BANK, River Forest Bancorp, Inc, Robert J. Glickman, Leona A. Gleason, David H. Johnson, III, and Terence W. Keenan, Defendants.**

No. 96 C 6595.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 17, 1997.

Arthur T. Susman, Susan Beth Shulman, Robert Jerald Emanuel, Susman, Buehler & Watkins, Chicago, IL, for Plaintiff.

Paul Thaddeus Fox, Thomas P. White, Julie Lynn Schulz, Holleb & Coff, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

This opinion discusses the dispute regarding the form of notice to be sent to potential class members in the above matter.

### CASE SUMMARY

Plaintiff James H. Canel ("Mr.Canel") filed a seven-count class action complaint on behalf of himself and all others similarly situated against Defendants. This suit arises out of Defendants' conduct in connection with the merger of Defendant Lincoln National Bank with and into Aetna Bank. Aetna is a wholly owned subsidiary of Aetna Bancorp which is itself wholly owned by Defendant River Forest.

River Forest owned 92,856 of the 96,000 common shares of Lincoln stock. The remaining 3144 shares were owned by minority shareholders, of which Mr. Canel owned in excess of nine shares. Mr. Canel alleges that the Defendants, in an attempt to eliminate all the minority shareholders of Lincoln common stock, carried out a cash-out merger by which the minority shareholders would be paid $500 for each share of Lincoln common stock they owned.

On May 17, 1996, Defendants sent Lincoln's minority shareholders a seven page Information Statement addressing the proposed merger of Lincoln with Aetna which would then change its name to Corus. Mr. Canel alleges that the Information Statement misled minority shareholders to believe: (1) they were only entitled to receive cash and not stock in exchange for their shares of Lincoln common stock; (2) the merger appraisal committee would be comprised entirely of representatives of River Forest; and (3) they were receiving a fair monetary value for their shares of Lincoln common stock.

On October 8, 1996, Plaintiff filed a complaint containing the following counts:

- Count I alleges that the Defendants, through the use of the Information Statement, "violated and/or abetted violations" of Section 10(b) of the 1934 Securities Exchange Act and SEC Rule 10b-5.

- Count II alleges that Defendants violated Section 20(a) of the Exchange Act

- Count III alleges that Defendants' conduct, with respect to the Information Statement, violated the Illinois Consumer Fraud and Deceptive Business Practice Act.

- Count IV alleges Defendants' actions, with respect to the Information Statement, give rise to a cause of action for fraud based upon Illinois law.

- Count V alleges negligent misrepresentation.

- Count VI alleges undervaluation of Lincoln common stock.

- Count VII alleges misleading and incomplete disclosure.

Defendants moved to dismiss Counts I–IV for failure to state a claim upon which relief can be granted. The Magistrate Judge held that Counts I and II sufficiently alleged a claim but only in so far as the claims were based on the Information Statement's remarks on the appraisal process and the holding in *Lewis v. Clark* (a case cited to in the Information Statement). The Magistrate Judge held that allegations that Defendants created a false impression that $500 was a fair value for the stock did not sufficiently allege a claim for either violations of Section 10(b) and SEC Rule 10b–5 or Section 20(a). The Magistrate Judge dismissed Count III, the Illinois Consumer Fraud and Deceptive Business Practices Act count, holding that

Plaintiff did not have standing. With respect to Count IV, the action for common law fraud, the Magistrate Judge found that Mr. Canel alleged a claim for common law fraud with respect to the misstatements regarding the appraisal process and the holding in *Lewis v. Clark*, but not with respect to the omissions in the Information Statement giving Plaintiff a misleading impression that $500 was a fair price for his stock. The District Judge adopted the Magistrate Judge's report and recommendation.

## THE FORM OF CLASS NOTICE ISSUE

Certification of a class in this matter has been approved by agreement. The parties, however, disagree on the substance of the class notice. This disagreement only involves two issues: (1) whether to include an "exclusion form" for parties to opt-out of the class; and (2) the proper description of the claims. Each party attaches their proposed notice to their briefs.

### I. THE EXCLUSION FORM: INCLUSION OR EXCLUSION.

Plaintiff does not want an exclusion form provided with the class notice. Defendant wants such a form included with the notice materials.

Although there is authority for each side's position, this court believes that the Plaintiff has the better position under the circumstances of this case. Certain courts have rejected the use of an exclusion form because "[s]uch a separate form will engender confusion and encourage investors to unwittingly opt out of the class." *E.g. Roberts v. Heim*, 130 F.R.D. 416, 423 (N.D.Cal.1988). *See also* 2 NEWBERG ON CLASS ACTIONS § 8.21, at p. 8–70 (3d ed 1992) (noting that courts have rejected the inclusion of opt-out forms).

The most instructive and most recent case on the issue here is *In re Prudential Ins. Co. of America*, 962 F.Supp. 450 (D.N.J.1997). In *Prudential*, an objector (Beauvias) argued that the parties should have included an "opt-out form" in the class notice for the policyholders' convenience. The *Prudential* court rejected that argument stating:

Courts have often refused to allow an opt-out form to be included with a class notice

... because the approach creates more confusion than it remedies. And, in this case, the Class Notice *clearly describes the steps to opt out, which are extremely simple.* Additionally, because Beauvias is the only objector to complain of the lack of an opt-out form, and because 19,000 class members managed to opt out, the Court finds that the Class notice was adequate in this respect.

*Id.* at 531 (emphasis added and citations omitted). Here, as in *Prudential*, a review of Plaintiff's notice (*see* Ex. A at ¶ 9) discloses that "it clearly describes the steps to opt out, which are extremely simple." It thus is unnecessary to create any possibility of confusion *via* a separate exclusion form.

Plaintiff's proposed notice as to requests for exclusion from the class is approved.

### II. THE PROPER DESCRIPTION OF THE CLAIM.

Regarding the description of the claims issue, the court has reviewed the proposed discription of the claims presented by both sides. The court finds that paragraphs two and three of Defendants' proposed notice of class action contain a short, easily understood and more accurate description of the claims currently before the court.

## CONCLUSION

In view of the foregoing, Defendants' request to attach an exclusion form to Plaintiffs' proposed notice of class certification is denied. It further is ordered that Defendants' description of claims (paragraphs two and three of Defendants' proposed notice of pendency of class action) be employed in lieu of paragraphs three and four of Plaintiff's proposed notice.